THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
No. 5:25-CV-141-KDB-DCK

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, as subrogee of CHRISTOPHER REINIG, <br><br> Plaintiff, <br><br> v. <br><br> CARRIER GLOBAL CORPORATION and CARRIER CORPORATION, <br><br> Defendants. | **PLAINTIFF'S AMENDED COMPLAINT** |

## PLAINTIFF'S AMENDED COMPLAINT

NOW COMES Plaintiff, State Farm Fire and Casualty Company ("State Farm"), as subrogee of Christopher Reinig, and complaining of Defendants, Carrier Global Corporation ("Carrier Global") and Carrier Corporation ("Carrier") and alleges and says as follows:

1. Plaintiff State Farm Fire and Casualty Company ("State Farm") is an insurance company authorized to do business in the State of North Carolina and doing business in Iredell County, and provided homeowner's insurance coverage to its insured Christopher Reinig at all times relevant to this Complaint.

2. This Complaint arises from State Farm Fire and Casualty Company claim number 33-59V0-88P.

3. At all times relevant to this Complaint, Christopher Reinig was the owner of the residence located at 252 Oakhurst Road, Statesville, North Carolina (the "subject property").

1

4. At all times relevant to this Complaint, Plaintiff provided homeowner's insurance coverage to Christopher Reinig for the property located at 252 Oakhurst Road, Statesville, North Carolina.

5. At all times relevant to this Complaint, State Farm was subrogated to the rights of Christopher Reinig for money paid by State Farm to and on behalf of its insured as the result of damages to the subject property caused by Defendant Carrier, as further described and alleged herein.

6. Defendant, Carrier Global Corporation ("Carrier Global"), upon information and belief, is a corporation operating in the State of North Carolina and maintains a principal place of business at 13995 Pasteur Blvd, Palm Beach Gardens, Florida 33418. Its registered agent for service of process is United Agent Group, Inc., 801 US Highway 1, North Palm Beach, Florida 33408.

7. At the time when this loss occurred, Defendant Carrier Global operated as the parent company of Defendant Carrier.

8. Defendant, Carrier Corporation ("Carrier"), upon information and belief, is a corporation operating in the State of North Carolina and maintains a principal place of business at 13995 Pasteur Blvd, Palm Beach Gardens, Florida 33418. Its registered agent for service of process is United Agent Group, Inc., 801 US Highway 1, North Palm Beach, Florida 33408.

9. At the time when this loss occurred, Defendant Carrier operated its business as an HVAC manufacturer that offers HVAC and refrigeration services to residential and commercial clients.

10. This Complaint arises from the negligent design, manufacture, distribution, and sale of a furnace by Defendant Carrier, which resulted in a fire at the subject property on or about

November 29, 2023. The fire caused significant fire, smoke, and related damage to the subject property.

11. On November 29, 2023, Plaintiff's insured wife woke up to the smell of smoke and the smoke detectors began to go off.

12. The furnace, manufactured by Defendant Carrier, was running, but the fan on the unit stopped functioning during normal operation and use. Upon fan failure, the furnace's high limit switch should have been triggered, causing the furnace to automatically shut off.

13. On November 29, 2023, the fan failed, but the high limit switch did not activate before melting the drip pan and causing a fire to ignite. The failure of the fan and high limit switch resulted from negligent manufacturing, including negligent testing, negligent design, and negligent engineering, *inter alia*.

14. The overheating furnace melted the drip pan, located approximately 12 inches above the furnace, and the melted combustible plastics fell on the furnace's coils and burner tubes, causing a fire to ignite and consume the subject property.

15. The subject property sustained significant fire, smoke, and related damage before firefighters could extinguish the fire.

16. At the above-referenced time and location, Defendant Carrier was further negligent in that it failed to properly hire, train, and supervise their employees and subcontractors to ensure that said employees and subcontractors would not negligently and carelessly manufacture a furnace that would cause a fire at the subject property as described above, and failed to properly inspect their work and the work of others to ensure that all work, equipment, and component parts were operational and functioning properly.

17. As a result of the fire and damages caused by Defendant Carrier, Christopher Reinig called upon his insurer, Plaintiff State Farm Fire and Casualty Company, to cover the fire, smoke, and related damages to his property, and Plaintiff paid for the damages to the property, pursuant to its policy with Christopher Reinig.

18. Plaintiff is now subrogated to the rights of its insured, to the extent of its payments.

### FIRST CAUSE OF ACTION
### Negligence Against Defendant Carrier Corporation

19. Plaintiff repeats and re-alleges the allegations in the preceding paragraphs as if fully set forth herein.

20. As the designer, manufacturer, distributor, and/or seller of the subject furnace, Defendant Carrier owed a duty to test, engineer, design, manufacture, and examine the furnace and its component parts, including the parts used in the furnace sold to Plaintiff's insured, to make certain that the design and manufacture met minimum standards of durability and reliability and to make certain that the subject furnace would not suddenly and unexpectedly combust when used under normal conditions. Defendant Carrier breached that duty when it negligently and carelessly:

   a. Manufactured a defective furnace, including the one purchased by Plaintiff's insured;

   b. Manufactured defective furnaces using component parts, including the fan and high limit switch installed in the furnace at issue in this complaint;

   c. Used substandard materials or parts in the composition of the fan, high limit switch, and furnace;

   d. Used substandard materials and components in the manufacture of the furnace, specifically the fan and high limit switch;

   e. Failed to adequately design, test, and examine the furnace, including ensuring

4

that the design and manufacture met minimum standards of durability, safety, and reliability to make certain that the furnace would not spontaneously combust;

 f. Failed to adequately test and examine the components of the furnace, including ensuring that the design and manufacture met minimum standards of durability, safety, and reliability to guard against the probability of, and/or withstand the event of a fan failure and overheating;

 g. Manufactured, sold, designed, and/or distributed a product which Defendant knew or should have known was not fit for its intended use;

 h. Put into the stream of commerce, a product that Defendant knew or with the ordinary exercise of care should have known was likely to cause combustion;

 i. Failed to include in its design a functional safety mechanism or device that would have caused the furnace to shut off and prevent combustion in the event of a fan failure and overheating;

 j. Failed to properly and adequately warn Plaintiff's insured of the likelihood of a sudden and premature failure of the fan, high limit switch, and related component parts as a result of design and manufacturing defects; and

 k. In such other and further ways as shall be proven at trial.

21. At all times relevant to this Complaint, it was reasonably foreseeable to Defendant Carrier that such failures to properly manufacture the furnace purchased by Plaintiff's insured posed an unreasonable risk of harm to the real and personal property of Plaintiff's insured and were likely to cause a fire to ignite due to the faulty fan and high limit switch.

22. As a direct and proximate result of the failure on the part of Defendant Carrier to adequately evaluate, test, and examine the furnace and component parts that were designed,

manufactured, sold, and/or used in the assembly of the subject furnace, Plaintiff's insured sustained significant fire damage to his real and personal property.

23. State Farm owed its insured a duty to reimburse its insured for property damage, loss of use, repair expenses, and related damages caused by Defendant Carrier's conduct. In full satisfaction of claim number 33-59V0-88P, State Farm paid $503,775.70 to and on behalf of its insured.

24. Subrogation enables State Farm to pursue the total amount paid in full satisfaction of the loss from the party at fault for the fire, and through the negligent actions and omissions of Defendant Carrier, Defendant Carrier is that party.

## SECOND CAUSE OF ACTION
### Breach of Express and Implied Warranties
### Against Defendant Carrier Corporation

25. Plaintiff repeats and re-alleges the allegations in the preceding paragraphs as if fully set forth herein.

26. Defendant Carrier made and breached express warranties to Plaintiff's insured in that the subject furnace would not be inadequately assembled during manufacturing and would not suddenly catch fire under normal conditions, usage, and applications.

27. Defendant Carrier breached implied warranties of merchantability and fitness for a particular purpose in that the subject furnace, including its fan, high limit switch, and component parts, that were assembled during manufacturing were defective and not fit for the ordinary purposes for which such furnaces are used, in that when used for the ordinary purposes under normal conditions, the subject furnace suddenly and unexpectedly combusted into flames due to inadequate manufacture.

28. Carrier held themselves out as a qualified, professional furnace manufacturer, capable in all respects of manufacturing the subject furnace, and Carrier warranted that their

6

manufacturing work would be of good quality, performed in a workmanlike manner, and in a manner such that it would not cause damage to people or property.

29. As a direct and proximate result of its breach of express and implied warranties, Plaintiff's insured sustained significant fire, smoke, and related damage to their real and personal property as a result of the fire loss.

30. State Farm owed its insured a duty to reimburse its insured for property damage, loss of use, repair expenses, and related damages caused by Defendant Carrier's conduct.

31. In full satisfaction of claim number 33-59V0-88P, State Farm paid $503,775.70 to and on behalf of its insured.

32. Subrogation enables State Farm to pursue the total amount paid in full satisfaction of the loss from the party at fault for the fire, and through the negligent actions and omissions of Carrier, Defendant Carrier is that party.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays this honorable Court enter judgment against Defendants for:

1. Compensatory damages owed to Plaintiff, State Farm Fire and Casualty Company, as Subrogee of Christopher Reinig, in an amount to be proven at trial, but in any event, exceeding $25,000.

2. Costs and other such expenses the Plaintiff incurred to litigate this action, in addition to pre and post judgment interest as provided by law.

3. And any other such relief as the Court deems just and proper.

This the 17th day of September, 2025.

                                                                                   */s/ Stephen R. Paul*
                                                                                   Stephen R. Paul
                                                                                   N.C. State Bar No. 21737
                                                                                   steve@ncsubrogation.com
                                                                                   Law Offices of Stephen R. Paul
                                                                                   PO Box 16099
                                                                                   Chapel Hill, North Carolina 27516-6099
                                                                                   (919) 933-5125

                                                                                   *Attorneys for Plaintiff State Farm Fire & Casualty Company, as subrogee of Christopher Reinig*

# CERTIFICATE OF SERVICE

I hereby certify that the undersigned filed a true and correct copy of the foregoing with the Clerk of Court using the electronic case filing system for the United States District Court for the Western District of North Carolina. By and through the electronic filing, those registered to receive Notice of Electronic Filing for his case received this Amended Complaint.

On this the 17th day of September 2025.

                                                 /s/ Stephen R. Paul
                                                 Stephen R. Paul
                                                 N.C. State Bar No. 21737
                                                 steve@ncsubrogation.com
                                                 Law Offices of Stephen R. Paul
                                                 PO Box 16099
                                                 Chapel Hill, North Carolina 27516-6099
                                                 (919) 933-5125

                                               *Attorneys for Plaintiff State Farm Fire & Casualty Company, as subrogee of Christopher Reinig*